UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DENISE OCASIO and CARMELO
OCASIO,

    Plaintiffs,

v.    Case No: 8:13-cv-1962-T-36AEP

C.R. BARD, INC. and BARD
PERIPHERAL VASCULAR, INC.,

    Defendants.
_____/

# **ORDER**

This matter comes before the Court upon Defendants' Motion to Strike Expert Reports and to Extend Deadlines Pending Resolution of Plaintiffs' Motion to Substitute Experts (Doc. 156), Plaintiffs' response thereto (Doc. 157), and Defendant's reply (Doc. 160). In the motion, Defendants request that the Court strike the expert report of Dr. Darren R. Hurst and any reports that rely on Hurst's report. Doc. 156. Defendants have withdrawn their request to extend deadlines. Doc. 166. The Court, having considered the motion and being fully advised in the premises will, grant the Motion to Strike and deny the request for extension as moot.

**I.    BACKGROUND**

In June of 2015, this case was prepared for trial. Doc. 139. However, because of common questions of fact with numerous other actions, on August 20, 2015, the United States Judicial Panel on Multidistrict Litigation transferred this case to the United States District Court for the District of Arizona to centralize the proceedings. Doc. 142. This case was remanded to this Court approximately three-and-one half years later on January 30, 2019, with various issues remaining to be tried. Doc. 148 at 1.

Upon remand, Plaintiffs requested to substitute new experts for two of their previously designated expert witnesses. Doc. 148. The Court granted the request with respect to one expert, but denied Plaintiffs' requested substitution of Hurst in place of Dr. Jeffrey E. Hull. Doc. 163.

Prior to the Court ruling on the Order, Plaintiffs served Defendants with Plaintiffs' Second Supplemental Expert Witness Designation ("Expert Witness Designation"). Doc. 156-2. The Expert Witness Designation included Hurst. *Id.* at 3. Additionally, another designated expert witness, Robert O. Ritchie, relied on Hurst's expert report. Doc. 156 at 3. Defendants move to strike Hurst's expert report, as well as the portion of Ritchie's expert report that relies on Hurst's report. *Id.*

Plaintiff's oppose Defendants' Motion to Strike. Doc. 157. Plaintiffs state that they provided Hurst's expert report in the event that their Motion to Substitute was granted so as to avoid any unnecessary delay. *Id.* at 3. Otherwise, Plaintiffs reiterate their arguments in favor of substitution. *Id.* at 3-6. Other than to recognize that Defendants also move to strike the portions of Ritchie's report that rely on Hurst's report, Plaintiffs do not address this argument. *Id.* at 3.

## II. DISCUSSION

Plaintiffs present no argument that Hurst's expert report should not be stricken should the Court deny their Motion to Substitute, or that the portions of Ritchie's report that rely on Hurst's report should not also be stricken upon such a ruling. The Court did, ultimately, deny the Motion to Substitute Hurst for Hull. Doc. 163. Accordingly, the Court is unaware of any reason the Motion to Strike should not be granted. Accordingly, it is

**ORDERED**:

1. Defendants' Motion to Strike Expert Reports and to Extend Deadlines Pending Resolution of the Plaintiffs' Motion to Substitute Experts (Doc. 156) is **GRANTED-in-part** and

**DENIED-in-part**. Defendants' Motion to Strike Hurst's expert report and the portions of Ritchie's report that rely on Hurst's report is **GRANTED.** Defendants' request to extend deadlines is **DENIED as moot.**

**DONE AND ORDERED** in Tampa, Florida on January 21, 2020.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any