UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DENISE OCASIO, an individual, and
CARMELO OCASIO, an individual,

    Plaintiffs,

vs.                                                                              Case No.: 8:13-cv-01962-CEH-AEP

C. R. BARD, INC., a New Jersey corporation,
BARD PERIPHERAL VASCULAR, INC.,
(a subsidiary and/or division of defendant
C. R. BARD, INC.) an Arizona corporation,

    Defendants.

### DEFENDANTS C. R. BARD, INC. AND BARD PERIPHERAL VASCULAR, INC.'S *DAUBERT* MOTION TO EXCLUDE THE OPINIONS OF GILBERT MATHIS, PH.D. AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Federal Rule of Evidence 702 and 403, Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively "Bard"), respectfully move to exclude the opinions offered by Gilbert L. Mathis, Ph.D., Plaintiff's economist expert.

### FACTUAL BACKGROUND

Dr. Mathis originally submitted a report in this case in 2014 that purports to identify Plaintiff's alleged lost earnings and lost future earning capacity. (*See* Dr. Mathis's May 2, 2014 Report, attached as Exhibit 1.) In 2019, Dr. Mathis submitted an "updated" report that closely follows his original report. (*See* Plaintiff's June 28, 2019 Supplemental Expert Disclosure, attached as Exhibit 2; and Dr. Mathis's June 22, 2019 Report, attached as Exhibit 3.[1])

---

[1]     Dr. Mathis's Updated Report arrives at different figures for Plaintiff's purported lost earnings and lost future earning capacity.

But in forming his opinions in his Updated Report, Dr. Mathis failed to review or consider Plaintiff's 2019 updated deposition, or the Social Security Administration records documenting the Administration's determination that Plaintiff was no longer disabled as of May 2017. (*See* Social Security Hearing Officer's Decision dated April 25, 2018, attached as Exhibit 4[2]). Indeed, according to Plaintiff's Supplemental Expert Disclosure, Dr. Mathis did not review any updated records or materials in forming the opinions in his Updated Report. (*See* Ex. 2, Plaintiff's June 28, 2019 Supplemental Expert Disclosure, and Ex. 3, Dr. Mathis's Updated Report.) Moreover, Dr. Mathis's opinions are irrelevant to this case, because Plaintiff is unable to offer competent expert witness proof that her alleged IVC filter complications caused her disability or otherwise impaired her earning capacity or ability to work at all.[3]

## LEGAL STANDARD

Rather than re-stating the relevant legal standard for the Court, Bard incorporates the standard discussed in its Motion to Exclude Dr. Rosen.

## ARGUMENT AND CITATION OF AUTHORITY

Rule 702 requires that experts' opinions must be based upon sufficient facts or data. The Rule also requires that expert evidence "fit" the facts of the case, such that the opinions

---

[2] Bard notes that Plaintiff originally claimed disability beginning in June 2009, almost one year *before* she received her IVC filter. (*See* May 7, 2010 Disability Report, attached as Exhibit 5). Pursuant to Rule 5.2, Federal Rules of Civil Procedure, as well as the Middle District of Florida Administrative Procedures for Electronic Filing, section IV.D. (effective June 5, 2015), Bard is filing a redacted copy of Plaintiff's Social Security Administration records.

[3] Concurrent with this Motion, Bard is separately moving under *Daubert* and Federal Rules of Evidence 403 and 702 to exclude the opinions of Plaintiff's physical and rehabilitation expert, Dr. Bill Rosen, and Plaintiff's life care planning expert, Mr. Reg Gibbs.

2

aid the jury in resolving factual disputes. *Daubert v. Merrell Dow Pharms. Inc.*, 509 U.S. 579, 591 (1993). "The party offering the expert testimony has the burden of demonstrating that the testimony is relevant to the task at hand and logically advances a material aspect of its case." *Boca Raton Community Hosp., Inc. v. Tenet Health Care Corp.*, 582 F.3d 1227, 1232 (11th Cir. 2009) (internal quotation marks omitted). Finally, a court may exclude relevant evidence "if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Here, Dr. Mathis's opinions are based on insufficient facts and data and are unhelpful to the jury.

**Insufficient Facts and Data**: Dr. Mathis purports to calculate Plaintiff's lost wages and lost future earning capacity based on a diminished ability to work "from the date of her injury" in 2012. (*See* Ex. 3, at 1.) He offers various calculations based on different potential outcomes for Plaintiff. One calculation is based on "the most optimistic outcome," with Plaintiff able to work 20 hours per week at either the family business or in the competitive labor market. (*Id.* at 4.) Another purported potential outcome, based on "the absence of a good response to medication and treatment," calculates Plaintiff's losses based on her ability to work five hours per week at the family business. (*Id.* at 4.) Finally, Dr. Mathis calculates Plaintiff's losses, in "the absence of good recovery" in the competitive labor market, in which instance Plaintiff allegedly would "not be able to participate in the competitive labor market" at all. (*Id.* at 4.)

Dr. Mathis's opinions, formed in 2014 and restated in 2019, utterly fail to consider the fact that, in April 2018, the Social Security Administration declared Plaintiff "not disabled" as of May 2017. (*See* Ex. 4, Social Security Hearing Officer's Decision dated April 25, 2018, at 11.) That decision was based on the hearing officer's conclusion that Plaintiff's alleged impairments do not "prevent her from doing other work" and that she "retains the capacity to perform a broad range of jobs in a significant number of occupations." (*Id.* at 9-10.) Plaintiff confirmed her lack of disability and lack of impaired work function at her 2019 deposition, when she stated she stopped receiving social security disability benefits following a "reevaluation" in approximately 2017, when it was determined that she was "capable to find some type of job." (Denise Ocasio Deposition Transcript (May 2, 2019), excerpts of which are attached as Exhibit 6 ("Ocasio Dep."), at 45:24 – 46:7.)

According to Plaintiff's Supplemental Expert Disclosure and Dr. Mathis's Updated Report, Dr. Mathis was not given—and therefore could not have relied on—Plaintiff's 2018 Social Security Disability decision or 2019 updated deposition testimony. These are critical pieces of evidence in this matter that impact any alleged claim by Plaintiff of diminished work capacity. Because Dr. Mathis failed to consider this critical evidence, his opinions are not based on sufficient facts or data and are therefore subject to exclusion under Rule 702. *See U.S. v. City of Miami, Fla.*, 115 F.3d 870, 873 (11th Cir. 1997) ("Relevant expert testimony is admissible only if an expert knows of facts which enable him to express a reasonably accurate conclusion."); *Bussey-Morice v. Kennedy*, No. 6:11-cv-970, 2012 WL 8010853, at *3 (M.D. Fla. Dec. 28, 2012) (Honeywell, J.) (excluding expert testimony on damages where expert lacked sufficient underlying facts about the plaintiff to form his opinions).

**Unhelpful to the Jury**: Dr. Mathis's opinions are not relevant to this case because Plaintiff cannot prove by competent expert testimony that her alleged IVC filter complications caused her alleged disability or diminished work capacity. The opinions of Dr. Rosen and Mr. Gibbs cannot survive *Daubert* scrutiny, and, thus, should be excluded. (*See* Bard's *Daubert* Motions to Exclude Opinions of Dr. Rosen and Mr. Gibbs, filed concurrently with this Motion, and which Bard incorporates herein by reference.[4]) Plaintiff has identified no other expert who attempts to opine that Plaintiff's IVC filter caused her alleged diminished work capacity Indeed, the evidence in this case is that Plaintiff is "not disabled" as of May 2017. (*See* Ex. 4, Social Security Hearing Officer's Decision dated April 25, 2018, at 11.)

An expert cannot premise his testimony on another, excluded expert's inadmissible opinions. *See U.S. v. Batchelor-Robjohns*, No. 03-20164-CIV, 2005 WL 1761429, at *4-5 (S.D. Fla. June 3, 2005). In *Batchelor-Robjohns*, the court excluded the opinions of the plaintiff's valuation expert after the plaintiff failed to timely disclose the basis for the expert's opinions as required by Rule 26. *Id.* at *3. In the same order, the court also excluded the opinions of the plaintiff's insolvency and tax liability experts because they "admittedly relied on [the first expert's] valuations without performing any independent calculations themselves." *Id.* at *5. Thus, the court held that because the opinions of the insolvency expert and tax liability expert were "inextricably linked to [the excluded] asset valuations," those experts likewise were precluded from testifying at trial. *Id.*; *see also Mamani v. Sanchez*

---

[4]   Dr. Rosen's opinions regarding Plaintiff's alleged future medical care and treatment should be excluded because they fail to take into account over six years of Plaintiff's medical history. And Mr. Gibbs's life care plan for Plaintiff—over 95% of which relies on the opinions of Dr. Rosen—should likewise be excluded. *See Batchelor-Robjohns*, 2005 WL 1761429, at *4-5 (expert cannot premise opinions on another, excluded expert's inadmissible opinions).

*Berzain*, No. 07-22459, 2018 WL 1090546, at *3-4 (S.D. Fla. Feb. 28, 2018) (excluding portions of expert's testimony derived from another excluded expert's inadmissible opinions).

As the Eleventh Circuit and federal courts within the Eleventh Circuit have repeatedly held, a Florida product-liability plaintiff must prove medical causation by expert testimony. *See McClain v. Metabolife Int'l, Inc.*, 401 F.3d 1233, 1237 (11th Cir. 2005) ("This type of proof requires expert testimony."); *Guinn v. AstraZeneca Pharm. LP*, 598 F. Supp. 2d 1239, 1243 n.25 (M.D. Fla. 2009) (specific causation requires expert testimony); *Marshick v. Johnson & Johnson*, No. 5:14-cv-498, 2015 WL 9266955, at *3 (M.D. Fla. Dec. 11, 2015) ("A plaintiff must prove general and specific causation by expert testimony."); *Drury v. Cardiac Pacemakers, Inc.*, No. 8:02CV933T-17MAP, 2003 WL 23319650, at *4 (M.D. Fla. June 3, 2003) ("[T]o establish causation, expert testimony is necessary."); *Marking v. Novartis Pharm., Corp.*, No. 00-9108-CV, 2002 WL 32255405, at *3 (S.D. Fla. Feb. 12, 2002) ("Plaintiffs are required to introduce expert testimony to establish medical causation.").

This principle also applies to causation of future damages. That is, Plaintiff must prove future damages with reasonable certainty, which requires expert testimony. *See Fasani v. Kowalski*, 43 So. 3d 805, 813 (Fla. 3d DCA 2010) ("It is a plaintiff's burden to establish that future medical expenses will more probably than not be incurred. . . . That burden may only be met with competent substantial evidence.") (citing *Kloster Cruise Ltd. v. Grubbs*, 762 So. 2d 552, 556 (Fla. 3d DCA 2000) (finding plaintiff's evidence "legally insufficient to support the jury award for future medical expenses for a hip replacement," but explaining that plaintiff may raise the claim on retrial "if there is *competent medical testimony* that in the future it is more likely than not that a hip replacement will be needed") (emphasis added)).

6

Without competent expert testimony to prove Plaintiff's IVC filter complications caused her alleged lost wages or lost future earning capacity, Dr. Mathis's calculations of Plaintiff's alleged financial losses are irrelevant "to the task at hand" and do not "logically advance[] a material aspect of [this] case." *Boca Raton Community Hosp., Inc.*, 582 F.3d at 1232 (internal quotation marks omitted). Because they do not "fit" this case, Dr. Mathis's opinions should be excluded.

## CONCLUSION

Dr. Mathis's opinions are based on insufficient facts and data and are unhelpful to the jury. This Court should exclude them in their entirety.

/s/ Edward W. Gerecke
Edward W. Gerecke
Florida Bar Number 328332
David J. Walz
Florida Bar Number 697237
CARLTON FIELDS, P.A.
Corporate Center Three at International Plaza
4221 W. Boy Scout Blvd., Suite 1000 (33607)
Post Office Box 3239
Tampa, Florida 33601
Telephone:   (813) 223-7000
Facsimile:   (813) 229-4133
Email: egerecke@carltonfields.com
           dwalz@carltonfields.com

*and*

Richard B. North, Jr.
Georgia Bar No. 545599 (admitted *pro hac vice*)
Taylor T. Daly
Georgia Bar No. 697887 (admitted *pro hac vice*)
Matthew B. Lerner
Florida Bar Number 0548618
Jane T. Davis
South Carolina Bar No. 001592
(admitted *pro hac vice*)

7

                                                    Mark R. Nash
Georgia Bar No. 857055 (admitted *pro hac vice*)
Nelson Mullins Riley & Scarborough LLP
Atlantic Station
201 17th Street NW, Suite 1700
Atlanta, Georgia  30363
Phone:         (404) 322-6000
Facsimile:    (404) 422-6000
Email:    richard.north@nelsonmullins.com
              taylor.daly@nelsonmullins.com
              matthew.lerner@nelsonmullins.com
              jane.davis@nelsonmullins.com
              mark.nash@nelsonmullins.com

*Attorneys for Defendants*

## **LOCAL RULE 3.01(g) CERTIFICATE OF CONFERRAL**

Pursuant to Local Rule 3.01(g), Defense counsel certifies that they conferred with Plaintiffs' counsel by telephone call on May 13, 2020, but Plaintiffs' counsel refuses to consent to the relief requested in this Motion.

                                                    /s/ Edward W. Gerecke
                                                    Attorney