# EXHIBIT 2

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DENISE OCASIO, an individual, and
CARMELO OCASIO, an individual,

      Plaintiffs,

vs.                                      Case No. 8:13-cv-01962-SDM-AEP

C. R. BARD, INC., a New Jersey corporation,
BARD PERIPHERAL VASCULAR, INC.,
(a subsidiary and/or division of defendant C.
R. BARD, INC.) an Arizona corporation,

      Defendants.

## PLAINTIFFS' SECOND SUPPLEMENTAL EXPERT WITNESS DESIGNATION

**COME NOW** Plaintiffs, DENISE OCASIO and CARMELO OCASIO, by and through their undersigned counsel, and submit the following Supplemental Expert Witness Designations.

### RETAINED TESTIFYING EXPERT WITNESSES

1.     **Robert O. Ritchie, Ph.D., Sc.D.**
   **Chairman, Department of Materials Science & Engineering**
   **Professor, Mechanical Engineering**
   **University of California, Berkeley**
   **Berkeley, CA 94720-1760**
   **510-486-5798**

Dr. Robert Ritchie is an expert in the fields of materials science, fracture mechanics and particularity fatigue fracture. Plaintiff has previously provided Dr. Ritchie's report pursuant to Rule 26(a)(2)(B). Plaintiff has attached to this supplemental designation Dr. Ritchie's updated supplement to his report, his current C.V. and list of testimony. Dr. Ritchie's prior report and this updated supplement are to be read in conjunction and constitute his complete report in this case. (*See attached* **Exhibit A**).

Plaintiffs' Second Supplemental Expert Disclosures                                                           1

2.  **Robert M. McMeeking, Ph.D.**
    **Professor, Department of Mechanical and Environmental Engineering**
    **Professor, Department of Materials**
    **University of California, Santa Barbara**
    **Santa Barbara, CA 93106**
    **805-403-7416**

Dr. Robert McMeeking is an expert in the field of biomedical mechanical failure and focuses on theoretical stress analysis and its implication for fracture and fatigue. Dr. McMeeking is an expert in the field of mechanical failure, particularly stress analysis and its implications for fracture and fatigue. Plaintiff previously provided Dr. McMeeking's co-authored Report pursuant to Rule 26(a)(2)(B). Plaintiff has attached hereto Dr. McMeeking's updated reports regarding Bard's Recovery and G2 IVC Filters which were served on the Bard defendants in the course of the MDL. These reports are to be read in conjunction with the report previously produced and the combined opinions constitute his complete report in this cause of action. Plaintiff has also provided a copy of Dr. McMeeking's current CV and his list of testimony. (*See attached* **Exhibits B, C and D)**.

3.  **Darren R. Hurst, M.D.**
    **Director or Vascular and Interventional Radiology**
    **Department of Radiology**
    **St. Elizabeth Health System**
    **1 Medical Village Drive**
    **Edgewood, KY 41017**
    **513-403-7018**

Dr. Hurst is a full-time physician and fellowship trained vascular and interventional radiologist. Plaintiff has requested leave to substitute Dr. Hurst for Dr. Jeffrey Hull as Dr. Hull is no longer available to the Plaintiff to testify as an expert in this case. Pursuant to Rule 26(a)(2)(B), Plaintiff provides the attached expert report by Dr. Hurst. The report includes Dr. Hurst's current CV and list of testimony. (*See attached* **Exhibit E**).

4.     **Gilbert L. Mathis, Ph.D.**
       **Murray State University**
       **Arthur J. Bauernfeind College of Business**
       **Department of Economics and Finance**
       **307 Business Building**
       **Murray, KY 42071**
       **270-809-4188**

Dr. Gilbert Mathis is an economist. Plaintiff previously provided a report by Dr. Mathis pursuant to Rule 26(a)(2)(B). Plaintiff has attached hereto Dr. Mathis' updated "Appraisal of Lost Earning Capacity" for Mrs. Ocasio. This update in conjunction with the previously produced report constitute Dr. Mathis' complete report for this cause of action. Plaintiff has also included Dr. Mathis' current CV and list of testimony. (*See attached* **Exhibit F**).

8.     **Reg Gibbs, MS, CRC, LCPC, CBIS, CLCP**
       **Rocky Mountain Rehab, P.C.**
       **P.O. Box 20253**
       **Billings, MT 59104**
       **406-259-7495**

Mr. Reg Gibbs is a certified life care planner and certified vocational rehabilitation expert. Plaintiff has previously provided an expert report by Mr. Gibbs pursuant to Rule 26(a)(2)(B). Plaintiff has attached hereto Mr. Gibbs' updated report for Mrs. Ocasio. This update in conjunction with the previously produced report constitute Mr. Gibbs' complete report for this cause of action. (*See attached* **Exhibit G**). In addition, Mr. Gibbs may testify as to the reasonable and customary nature and necessity of medical expenses charged to the Plaintiffs in this case for services rendered as related by testimony from Dr. Hurst, Dr. Rosen, and/or one of Plaintiff's treating physicians listed below.

    Plaintiff reserves the right to supplement this disclosure as necessary.

    Plaintiff reserves the right to call any expert witness listed by the Defendants.

    Plaintiff reserves the right to call rebuttal witnesses that may be necessary after reviewing

Defendants' expert witness disclosures.

**RULE 26(C) WITNESSES:**

<u>NON-RETAINED TESTIFYING EXPERTS:</u>

<u>TREATING PHYSICIANS:</u>

The below listed non-retained testifying experts, if called to testify, may testify live, by videotape, or through affidavit, as to the cause and extent of Plaintiff's medical condition, injuries, Plaintiff's past and/or future medical treatment, authenticity and matters contained in the medical records and/or any depositions of healthcare providers taken in this matter. Also, the staff, personnel, and custodians of records of the below listed agencies, if called to testify, may testify as to the manner in which such records are recorded, made, and kept, and who made the entries. The general substance of their mental impressions and opinions are contained in their respective records and/or depositions taken in this matter. In addition, they may testify as to any conversations had with the representatives, employees or agents of the Defendants. Plaintiffs would also refer Defendants to any and all depositions and their exhibits taken in this matter. Pursuant to Rule 26(a)(2)(C), Plaintiffs are excused from furnishing expert reports of the following treating physicians:

> Tampa General Hospital, including but not limited to, imaging records and billing custodian, and:
> Calero, Aurelia
> Feldman, John C., MD
> Foster, Kimberly
> Ghancie, Ashkan, MD
> Guidi, Claude B, MD
> Hazelton, Todd Richard, MD
> Humphrey, Deborah A, DO
> Kantrowitz, Lawrence J., MD
> MacIntyre, MD
> Marcet, Jorge, MD
> Powell, Alexis, MD
> Rendon, Jesus, MD

4

1 Tampa General Circle
Tampa, FL 33606-3571
813-844-7000

Abu Mohammad, MD, including but not limited to, imaging records and billing custodian:
3550 Buschwood Park Drive
Tampa, FL 33618
813-936-5000

Sowsan Rasheid, MD, including but not limited to, imaging records and billing custodian:
2 Tampa General Circle
Tampa, FL 33606
813-844-4545

IPC – Hospitalists of Florida, including but not limited to, imaging records and billing custodian, and:
Espinal, Miguel, MD
1700 N. McMullen Booth Road, Suite D-1
Clearwater, FL 33759
727-669-3800

USF Health, including but not limited to, imaging records and billing custodian:
Anderson, Jennifer, MA
Armstrong, Paul A, DO, FACS
Dolberg, Michael, MD
Haim, Pinkas, MD
Montera, Beth, MD
Mullinax, John, MD
Osorio-Lopez, Jose, PA
Perez, Katiria
Sowsan, Rasheid, MD
Tannous, Fakhry, MD
Health Sciences Center Medical Clinic
12901 Bruce B. Downs Boulevard – MDC 33
Tampa, FL 33612-4799
813-974-2201

TGMG – Family Care Center Kennedy, including but not limited to, imaging records and billing custodian, and:
Nguyen, Diana, P, RN
Poblete, Sarah, J., MD
250 W Kennedy Blvd.
Tampa, FL 33609
813-844-1385

5

TGMG – Specialty Care Center Healthpark, including but not limited to, imaging records and billing custodian, and:
Chae, Soojong, MD
Keshishian, Jonathan, MD
Solomon, David, A, MD
5802 N. 30th St.
Tampa, FL 33610
813-236-5300

Armenia Sports Rehab, including but not limited to, imaging records and billing custodian:
509 S. Armenia Ave
Suite 301
Tampa, FL 33609-3395
813-844-7706

Brandon Regional Hospital, including but not limited to, imaging records and billing custodian, and:
119 Oakfield Drive
Brandon, FL 33511
813-681-5551

Mazen Kattih, MD, including but not limited to, imaging records and billing custodian:
Oakfield Medical Plaza
276 South Moon Ave.
Brandon, FL 33511
813-571-0500

Ankle and Foot Associates, including but not limited to, imaging records and billing custodian:
Stanley S. Shama, DPM
James D. Loebell, DPM
500 Vonderburg Dr., Suite 105, East Tower
Brandon, FL 33511
813-985-2811

Wal-Mart Stores, Inc., including but not limited to, imaging records and billing custodian:
702 SW 8th Street
Bentonville AR 72716-0215
479-273-4941

Publix Super Markets, Inc., including but not limited to, imaging records and billing custodian:
1220 Kingsway Rd.

Brandon, FL 33510
813-654-7689

CVS, including but not limited to, imaging records and billing custodian:
715 W. Brandon Blvd
Brandon, FL 33511
813-653-4109

Walgreens, including but not limited to, imaging records and billing custodian:
Custodian of Records Dept.
1901 E. Voorhees Street
Danville, IL 61834
217-554-8900

Each treating physician, healthcare professional, entity or other medical witness identified above, or in Plaintiff's medical records attached hereto, previously produced, and/or independently obtained by Defendants, may testify as to the medical treatment rendered to the Plaintiff, diagnosis(es), observations, perceptions and prognosis for the Plaintiff.  In addition, these healthcare providers may testify as to any conversations had with the representatives, employees or agents of the Defendants.  These witnesses may testify as to the contents of the medical records and related treatment documents.  In addition, some of these witnesses may testify as to the reasonable and customary nature and necessity of medical expenses charged to the Plaintiffs in this case for services rendered.  These experts have not been retained by or otherwise subject to Plaintiffs' control.  It is anticipated these persons will testify either live, by videotape or by way of affidavits.  Plaintiffs have identified the names of the providers that she can in good faith remember.  Further relevant witnesses may be identifiable from Plaintiff's medical records attached hereto, previously produced, and/or independently obtained by Defendants.

**DEPOSED TREATING PHYSICIANS:**

Zwiebel, Bruce R., MD, , including but not limited to, imaging records and billing custodian:

7

      2700 University Square Drive
      Tampa, FL 33612
      (813) 251-5822

Dr. Zwiebel is Mrs. Ocasio's implanting physician. He may be called to testify live or by deposition in accordance with his medical records for Mrs. Ocasio, and his April 23, 2014, deposition (and exhibits thereto). The facts and opinions to which Dr. Zwiebel is expected to testify are those set forth in his deposition of April 23, 2014, (and exhibits thereto) as well as his medical records regarding Mrs. Ocasio. It is anticipated that Dr. Zwiebel will testify as to the medical treatment rendered to the Plaintiff, the implantation of the Bard G2 filter on April 13, 2010, his diagnosis(es), observations, perceptions, and prognosis for the Plaintiff. In addition, Dr. Zwiebel may testify as to any conversations had with the representatives, employees or agents of the Defendants, if any. He may testify as to the contents of the medical records and related treatment documents. In addition, Dr. Zwiebel may testify as to the reasonable and customary nature and necessity of medical expenses charged to the Plaintiffs in this case for services rendered. Dr. Zwiebel has not been retained by or otherwise subject to Plaintiffs' control.

      Martin Back, M.D., MD, FACS, including but not limited to, imaging records and billing custodian:
      2 Tampa General Circle
      Suite 7001
      Tampa, FL 33606
      (352) 265-0535

Dr. Back is a Vascular Surgeon who performed surgery on Mrs. Ocasio on February 27, 2012, March 5, 2012 and March 12, 2012 and then followed her recovery. Dr. Back may be called to testify live or by deposition. The facts and opinions to which Dr. Back is expected to testify are those set forth in his deposition of May 27, 2014, (and exhibits thereto) as well as his

medical records regarding Mrs. Ocasio.  The facts and opinions include Dr. Back's statements that the thrombolic event suffered by Mrs. Ocasio which resulted in the need for several surgeries in 2012, including the thrombolysis procedures performed by Dr. Armstrong, all of the surgeries and medical care provided by Dr. Back, her ileostomy and reversal of the ileostomy were caused and/or resulted from the perforation of a strut from the Bard G2 filter through her inferior vena cava and into the lumen of her aorta.  It is anticipated that Dr. Back will testify that the medical care she received to treat the thromboembolic event she suffered in 2012 and its resultant complications and sequela, including the ileostomy was reasonable and necessary.  It is anticipated that Dr. Back will offer testimony regarding his diagnosis(es), observations, perceptions, and prognosis for the Plaintiff.  In addition, Dr. Back may testify as to the contents of the medical records and related treatment documents.  In addition, Dr. Back may testify as to the reasonable and customary nature and necessity of medical expenses charged to the Plaintiffs in this case for services rendered.  Dr. Back has not been retained by or otherwise subject to Plaintiffs' control.

>Poblete, Sarah, J., MD, TGMG – Specialty Care Center Healthpark, including but not limited to, imaging records and billing custodian
>250 W Kennedy Blvd.
>Tampa, FL 33609
>813-844-1385

Dr. Poblete is an Internist and Ms. Ocasio's primary care physician.  Dr. Poblete may be called to testify live or by deposition.  The facts and opinions to which Dr. Poblete is expected to testify are those set forth in her deposition of August 25, 2014, (and exhibits thereto) as well as her medical records regarding Mrs. Ocasio.  It is anticipated that Dr. Poblete will offer testimony regarding her diagnosis(es), observations, perceptions, and prognosis for the Plaintiff.  In addition, Dr. Poblete may testify as to the contents of the medical records and related treatment

9

documents. In addition, Dr. Poblete may testify as to the reasonable and customary nature and necessity of medical expenses charged to the Plaintiffs in this case for services rendered. Dr. Poblete has not been retained by or otherwise subject to Plaintiffs' control.

**DEPOSED BARD WITNESSES:**

Krishna Kandarpa, M.D., Ph.D.
Building 31 Room 1C14
31 Center Dr.
Bethesda, MD 20814

Dr. Kandarpa is a cardiovascular and interventional radiologist, who is the Director of Research Sciences and Strategic Directions at NIBIB/NIH. He was a consultant for Bard on IVC filters. Dr. Kandarpa was a medical monitor for Bard during the EVEREST retrievability study for the G2 filter. Dr. Kandarpa may be called to testify live or by deposition. It is anticipated that Dr. Kandarpa will testify with regard to the design and function of the Bard G2 IVC filter, the EVEREST study, the performance of the Bard G2 filter in the human body, the observations he made and opinions he developed regarding the EVEREST study and the G2 IVC filter. It is anticipated that Dr. Kandarpa will testify regarding the observations and opinions he has developed regarding the safety, efficacy and performance of the G2 IVC filter. It is anticipated that Dr. Kandarpa will offer observations and opinions as to what reasonable physicians knew about the G2 IVC filter, what information reasonable physicians would like to know about the G2 IVC filter, and what information was and was not made available to physicians about the G2 IVC filter. The facts and opinions to which Dr. Kandarpa is expected to testify are those set forth in his deposition of July 19, 2018, in *Austin v. C.R. Bard. Inc.,* Circuit Court of The Seventeenth Judicial Circuit, Broward County, Florida and the exhibits thereto.

Dated:  June 28, 2019

        Respectfully submitted

        **LAW OFFICES OF BEN C.MARTIN**

        */s/ Ben C. Martin*
        Ben C. Martin, TX Bar No. 13052400
        ***Admitted Pro Hac Vice***
        Thomas Wm. Arbon, TX Bar No. 01284275
        ***Admitted Pro Hac Vice***
        3710 Rawlins Street, Suite 1230
        Dallas, Texas 75219
        Telephone: (214) 761-6614
        Facsimile: (214) 744-7590
        bmartin@bencmartin.com
        tarbon@bencmartin.com

        &

        Joseph R. Johnson, FL Bar No. 372250
        BABBITT & JOHNSON, P.A.
        1641 Worthington Road, Ste. 100
        West Palm Beach, FL 33409
        Telephone: (561) 684-2500
        Facsimile: (561)684-6308 E-mail:
        jjohnson@babbitt-johnson.com

        *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a true and correct copy of the above and foregoing was sent via email and First Class Mail this 28th day June 2019, to the following:

Edward W. Gerecke
Florida Bar Number 328332
David J. Walz
Florida Bar Number 697237
CARLTON FIELDS, P.A.
Corporate Center Three at International Plaza
4221 W. Boy Scout Blvd., Suite 1000 (33607)
Post Office Box 3239
Tampa, Florida 33601
P: (813) 223-7000
F: (813) 229-4133
egerecke@carltonfields.com
dwalz@carltonfields.com

*and*

Matthew B. Lerner
Florida Bar Number 0548618
Nelson Mullins Riley & Scarborough LLP
Atlantic Station
201 17th Street NW, Suite 1700
Atlanta, Georgia  30363
P: (404) 322-6000
F: (404) 422-6000
matthew.lerner@nelsonmullins.com
*Attorneys for Defendants*

                                              */s/ Ben C. Martin*_____
                                              Ben C. Martin