UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DENISE OCASIO and CARMELO
OCASIO,

    Plaintiffs,

v.                                                 Case No: 8:13-cv-1962-CEH-AEP

C.R. BARD, INC. and BARD
PERIPHERAL VASCULAR, INC.,

    Defendants.
_____/

## **ORDER**

This matter comes before the Court on Defendants C.R. Bard, Inc. and Bard Peripheral Vascular, Inc.'s Motion for Leave to File Deposition Transcripts Under Seal (Doc. 327), filed on June 11, 2021. In the motion, Defendants state that there are compelling reasons to find that deposition transcripts it intends to play at trial should be kept private and under seal to prevent public access to trade secrets or otherwise highly confidential information. Also pending is Plaintiff's Motion for Leave to File Under Seal Certain Deposition Transcripts (Doc. 332). The motions are unopposed. The Court, having considered the motions and being fully advised in the premises, will deny C.R. Bard, Inc. and Bard Peripheral Vascular, Inc.'s Motion for Leave to File Deposition Transcripts Under Seal and deny Plaintiff's Motion for Leave to File Under Seal Certain Deposition Transcripts.

## DISCUSSION

Plaintiff, Denise Ocasio, sues Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively, "Bard"), asserting product-liability claims based on injuries she sustained from a medical device designed and manufactured by Bard. This case was, at one point, a part of a multidistrict litigation proceeding ("MDL") involving thousands of personal injury claims brought against Bard related to Bard IVC (inferior vena cava) filters. After discovery and other pretrial proceedings in the MDL litigation, the action was remanded to this Court for trial. The trial is scheduled to commence July 6, 2021. Before the Court are the parties' motions to seal seeking an order from this Court sealing 53 deposition transcripts that the parties intend to play at trial. Doc. 327 at 4–5 (18 depositions), Doc. 332 at 2–3 (35 depositions).

In support of Defendants' motion, Bard states sealing is necessary because the transcripts discuss trade secrets and other highly confidential business information. The information includes testimony related to Bard IVC filters and their development, testing, and regulation of same, which information is subject to improper use and significant competitive harm. Bard represents that it has continually and successfully made efforts to protect such information from its competitors. Further Bard directs the Court to the agreed protective order in the MDL that states that "All Confidential Information shall be used for the purpose of this lawsuit only …." Bard contends this is the narrowest means to protect the confidential information at issue. Doc. 327.

In her motion, Plaintiff similarly argues that good cause exists to seal the 35 deposition transcripts she requests be sealed because of the stipulated protective order

entered in this case pursuant to the Suggestion of Remand and Transfer Order from the MDL. Doc. 332.

The Court notes that the parties' joint motion for entry of a stipulated protective order and the Stipulation for the Entry of Protective Order (Doc. 13) was approved as to the handling of confidential information "through the discovery and pretrial processes." Doc. 14.

"[T]he courts of this country recognize a general right to inspect and copy . . . judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *see also Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007). In some limited circumstances, a court has the discretion to permit materials to be filed under seal. *Romero*, 480 F.3d at 1246. However, such relief is to be granted only upon a showing of "good cause," which requires balancing the asserted right of access against the party's interest in keeping the information confidential. *See id*. (describing balancing considerations).

In pertinent part, Middle District of Florida Local Rule 1.11 states:

> (a) PUBLIC RIGHT OF ACCESS. Because constitutional law and common law afford the public a qualified right of access to an item filed in connection with the adjudication of a claim or defense, sealing is unavailable absent a compelling justification. Sealing is not authorized by a confidentiality agreement, a protective order, a designation of confidentiality, or a stipulation.

M.D. Fla. L.R. 1.11(a). Although Defendants represent that sealing the entirety of the depositions is the narrowest method of keeping the proprietary information confidential, the Court finds this blanket statement to be unsupported and improbable.

Bard fails to show why redaction of the depositions would not be a narrower means. Moreover, the parties propose to read (or play the video of) the depositions in open court and thus the matter will not be kept confidential from any member of the general public attending the trial.

A designation by the parties that documents are confidential does not, by itself, justify the sealing of documents. M.D. Fla. Local Rule 1.11(a). The parties have not established good cause to file the 53 depositions in their entirety under seal and have failed to overcome the presumption in favor of public right of access to these documents. Accordingly, it is hereby

**ORDERED**:

1. Defendant C.R. Bard, Inc. and Bard Peripheral Vascular, Inc.'s Motion for Leave to File Deposition Transcripts Under Seal (Doc. 327) is **DENIED**.

2. Plaintiff's Motion for Leave to File Under Seal Certain Deposition Transcripts (Doc. 332) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on June 17, 2021.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any