UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DENISE OCASIO and CARMELO
OCASIO,

    Plaintiffs,

v.                                        Case No: 8:13-cv-1962-CEH-AEP

C.R. BARD, INC. and BARD
PERIPHERAL VASCULAR, INC.,

    Defendants.
_____/

## **ORDER**

This matter comes before the Court on the parties' motions *in limine* (Docs. 247–256), the responses in opposition (Docs. 266–69, 271–75), the parties' stipulation regarding motions *in limine* (Doc. 265), and the replies (Docs. 292–94). Hearings were held on the motions on June 22 and July 1, 2021, at which the Court made oral rulings. This Order serves to memorialize the Court's oral pronouncements.

### DISCUSSION

This is a product-liability action brought by Plaintiffs, Denise and Carmelo Ocasio, to recover for injuries and damages allegedly caused by Bard's G2X filter, an inferior vena cava filter ("IVC"), that was implanted in Denise Ocasio ("Ocasio") in April 2010. The case is scheduled for jury trial beginning July 6, 2021. The theories of liability remaining for trial are negligent design defect, strict liability design defect, and loss of consortium. Doc. 354.

Plaintiffs and Defendants have filed numerous motions *in limine* in anticipation of trial. Docs. 247–256. "A Motion *In Limine* presents a pretrial issue of admissibility of evidence that is likely to arise at trial, and as such, the order, like any other interlocutory order, remains subject to reconsideration by the court throughout the trial." *Stewart v. Hooters of Am., Inc.*, No. 8:04-CV-40-EAK-MAP, 2007 WL 1752843, at *1 (M.D. Fla. June 18, 2007) (citation omitted). "The real purpose of a Motion *In Limine* is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably effect the fairness of the trial. A court has the power to exclude evidence *in limine* only when evidence is clearly inadmissible on all potential grounds." *Id.* (quoting *Luce v. United States*, 469 U.S. 38, 41 (1984) (federal district courts have authority to make *in limine* rulings pursuant to their authority to manage trials)). Fed. R. Evid. 403 permits a district court to exclude relevant evidence when "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, needlessly presenting cumulative evidence."

**A.     Bard's Motions *in Limine***

    1.     Defendants' Motion *in Limine* No. 1 to Exclude Testimony and Evidence of Recovery Filter Migration Deaths (Doc. 249)

In their first motion *in limine*, Defendants C.R. Bard, Inc. and Bard Peripheral Vascular, Inc. ("Bard"), seek to exclude evidence of Recovery filter migration deaths because Plaintiff Denise Ocasio makes no claim in this litigation that her filter migrated to her heart. Doc. 249. Bard argues the incidents are dissimilar to the facts

here and too remote to be relevant. Bard notes that the judge in the multi-district Bard IVC filter litigation ("MDL") ruled in Bard's favor on a similar motion. Specifically, Bard contends this case does not involve the Recovery filter, does not involve migration at all, and is not a death case. Plaintiffs respond in opposition urging that the evidence is relevant because the filter was redesigned due to the cephalad migration issues associated with the Recovery filter. Doc. 275. Plaintiffs further represent that the *Booker* court found the evidence relevant and necessary to the issue of design defect.[1] In their reply, Bard argues that Plaintiffs fail to show that Ocasio's experience with her G2X filter is substantially similar to the few patients who experienced cephalad migration of the Recovery filter (Doc. 294). For the reasons discussed at the July 1, 2021 hearing, the Court **grants in part** and **denies in part** Bard's motion (Doc. 249). Plaintiffs may present evidence and testimony, generally, regarding the different models of filters and the progression of the changes in design. Plaintiffs are prohibited from introducing evidence or eliciting testimony regarding Recovery filter migration deaths. As discussed at the hearing, the Court finds testimony regarding migration deaths to be highly prejudicial where, as here, there are no punitive damage claims in the case, Plaintiff did not have a Recovery filter, and there is no evidence that Plaintiff's G2X filter migrated.

---

[1] Sherr-Una Booker's case was one of the bellwether cases in the Bard IVC filter multi-district litigation. *See, e.g., Booker v. C.R. Bard, Inc. (In re: Bard IVC Filters Prod. Liab. Litig.),* No. CV-16-00474-PHX-DGC, 2018 WL 1109554 (D. Ariz. Mar. 1, 2018). The Court notes that the Booker plaintiff alleged that her "G2 filter tilted, perforated her IVC, fractured, and migrated." *Id.* at *2. In this case, there is no evidence of migration.

2. Defendants' Motion *in Limine* No. 2 to Exclude Testimony and Evidence of Recovery Filter Marketing and Communications and other Purported "Bad Acts" (Doc. 250)

In Bard's second motion *in limine*, Bard seeks to exclude evidence of Recovery filter marketing, communications, and other bad acts because Bard stopped selling the Recovery filter in 2005 and there's no failure to warn or negligent marketing claims here. Doc. 250. Plaintiffs respond that the evidence is relevant because Ocasio's G2X filter is based on the predecessor Recovery filter. Doc. 268. In Bard's reply, they point out that the MDL judge excluded this evidence in another Bard IVC filter case and that ruling was affirmed by the Ninth Circuit. Doc. 293 (citing *In re Bard IVC Filters Prod. Liab. Litig.*, 816 F. App'x 218, 219 (9th Cir. 2020)). As discussed at the hearing, the relevancy of this material is marginal at best and may promote a decision based on emotion. Accordingly, the Court **grants** Bard's motion (Doc. 250).

3. Defendants' Motion *in Limine* No. 3 to Exclude Testimony and Evidence of FDA Warning Letter (Doc. 247)

In its third motion *in limine*, Bard requests the Court exclude any testimony or evidence related to the Federal Drug Administration's ("FDA") warning letter issued to Bard in July 2015. Doc. 247. In response, Plaintiffs agree not to elicit testimony regarding topics numbered 1, 2, and 4 through 8 referenced in the FDA warning letter. Doc. 269. The Court notes that the MDL Court has already determined that "[m]any topics in the [FDA] warning letter lack probative value." *In re Bard IVC Filters Prod. Liab. Litig.*, 2018 WL 1109554, at *3.

Still at issue is topic 3, which concerns Bard's complaint handling and medical device reporting ("MDR") procedures, and topic 7 concerning Bard's failure to report complaints involving the Denali and Meridian filters. For the reasons discussed at the hearing, the Court **grants in part** and **defers in part** as to Bard's motion (Doc. 247). Specifically, the Court grants the motion *in limine* as to topics 1, 2, and 4 through 8 of the FDA warning letter. The Court defers ruling until trial as to topic 3. In the event Plaintiffs believe Bard has opened the door as to Topic 7 and seek to elicit testimony related to topic 7, Plaintiffs must first seek a sidebar with the Court.

4. Defendants' Motion *in Limine* No. 4 to Exclude Evidence and References to Other Lawsuits and Trials (Doc. 248)

In the motion *in limine* 4, Bard seeks to exclude reference to other lawsuits and trials regarding Bard and IVC filters. Plaintiffs respond that they should be permitted to impeach witnesses with their testimony given in prior lawsuits. Doc. 270. For the reasons discussed at the hearing, the Court **grants** Bard's motion (Doc. 248). The parties are prohibited from referencing previous testimony by specific case, other plaintiffs' names, or trial names. The parties may reference a witness's testimony from other cases as "previous testimony" and identify the date the testimony was given, but without mentioning the case name in which the testimony was given.

5. Defendants' Motion *in Limine* No. 5 to Exclude Testimony from Witnesses without Personal Knowledge (Doc. 251)

Bard's motion *in limine* 5 requests this Court exclude reference to testimony from witnesses without personal knowledge. Doc. 251. Plaintiffs respond that this

motion is unnecessary and improper as Fed. R. Evid. 602 already establishes this requirement. Doc. 271. Under Rule 602, "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. Fact witnesses are required to have personal knowledge as set forth in Rule 602. As it relates to expert testimony and the deposition designations, the Court cannot rule in a vacuum and will have to hear the predicate before determining whether certain testimony is permissible. Accordingly, the Court **defers ruling** on Bard's motion (Doc. 251).

> 6. Defendants' Motion *in Limine* No. 6 to Exclude Certain Evidence Regarding Expert Dr. Fred Rogers (Doc. 252)

In their sixth motion *in limine*, Bard seeks to exclude any reference to Dr. Fred Rogers, who was previously retained to serve as a defense expert and gave deposition testimony in the MDL proceedings and who was subsequently withdrawn as an expert for Bard. Plaintiffs respond that the parties have stipulated to this issue. Doc. 272; *see also* Doc. 265. Accordingly, per the parties' agreement, Bard's motion *in limine* to exclude reference to expert Dr. Fred Rogers (Doc. 252) is **granted**.

> 7. Defendants' Motion *in Limine* No. 7 to Exclude Certain Evidence and Testimony of Krishna Kandarpa, M.D. (Doc. 253)

Dr. Krishna Kandarpa was the medical monitor for the EVEREST clinical trial concerning the G2 filter. Bard seeks to exclude his testimony (Doc. 253). At the hearing, the parties agreed to exclude all testimony regarding Dr. Kandarpa on this

issue, including his testimony at pages 138:23–140:17.[2] Accordingly, Bard's motion in limine (Doc. 253) is **granted**.

       8.      Defendants' Motion *in Limine* No. 8 to Exclude Gross Amounts of Medical Bills for Past Medical Treatment that Exceeds the Amounts Actually Paid by Medicaid (Doc. 254)

By stipulation, the parties agree not to introduce into evidence or reference the gross amounts of medical bills for past medical treatment that exceeds the amounts paid by Medicaid. Accordingly, Bard's motion (Doc. 254) is **granted** in accordance with the parties' stipulation.

**B.    Plaintiffs' Motions *in Limine***

       1.      Plaintiffs' Motion in Limine to Preclude References to the Clearance of Bard IVC Filters by the FDA, Lack of Enforcement Action as Proof of Safety and Efficacy, and Referring to the Bard IVC Filters as "Approved" by the FDA (Doc. 255)

Plaintiffs seek to exclude reference to Bard filters receiving FDA 510(k) clearance, that there has been a lack of FDA enforcement action related to filters as proof of their efficacy, and from referring to Bard filters as "approved." Doc. 255. In support of their motion, Plaintiffs argue that the G2X filter did not go through the rigorous FDA premarket approval ("PMA") process that a new device entering the market must endure to ensure that the device is both safe and effective. Instead, the G2X was subject only to the much more limited 510(k) review process which is not an indicator of the device's safety and efficacy. Plaintiffs argue that the 510(k) review of

---

[2] Initially, Plaintiffs sought to introduce the testimony of Dr. Kandarpa from these pages, *see* Doc. 273, but they withdrew their opposition to the motion *in limine* at the hearing.

a purportedly "substantially similar" product is completed in 20 hours compared to the rigorous 1200 hours required to complete a PMA review. Thus, Plaintiffs claim that allowing Bard to refer to the G2X as approved or having received FDA approval is misleading and prejudicial to Plaintiffs. Plaintiffs submit that the Eleventh Circuit has repeatedly recognized that a 510(k) review does not address a product's safety or efficacy. Doc. 255 at 8 (citing *Eghnayem v. Boston Sci. Corp.*, 873 F.3d 1304, 1319 (11th Cir. 2017) (affirming exclusion of 510(k) evidence of clearance and compliance under FRE 402 as irrelevant to the IVC filter manufacturer's liability); *Goodlin v. Medtronic, Inc.*, 167 F.3d 1367, 1369 n.1 (11th Cir. 1999) (noting that in a 510(k) review, the FDA "considers only whether the device is indeed the equivalent of the preexisting device—regardless of how unsafe or ineffective the grandfathered device happens to be")).

Bard responds that the MDL judge has already found that compliance with federal regulatory standards, such as the FDA's 510(k) process, and the lack of FDA enforcement to be relevant to Bard's conduct and to the issue of whether the Bard filter is defectively designed. Doc. 267. Bard attempts to distinguish the Eleventh Circuit cases by claiming that *Eghnayem* involved a different product and a less robust regulatory record. *Id.* at 11–12. As discussed at the hearing, the Court is inclined to find the evidence and testimony related to the 510(k) process to be relevant and not unduly prejudicial, but until the Court hears the testimony at trial, it is unable to determine at this juncture the relevancy to the remaining issue of design defect. Accordingly, the Court **defers** ruling on Plaintiffs' motion (Doc. 255). The Court

further notes that if admitted, the Court would likely give a limiting instruction to the jury regarding such evidence.

      2.      Plaintiffs' Omnibus Motion *in Limine* (Doc. 256)

Plaintiffs' motion raises fifteen areas of testimony and evidence it seeks to exclude.

      (1)      Reference to advertising for IVC filter cases by any plaintiffs' attorneys

Plaintiffs request an order excluding any evidence or testimony related to attorney advertising of IVC filter cases or reference to IVC filter litigation as "lawyer-driven." Bard responds that it does not intend to offer such evidence or testimony but wants to be able to inquire of the jurors whether they have seen legal advertising related to IVC filters. Doc. 266 at 2–4. Additionally, Bard wants to be able to inquire on the issues of advertising to the extent that Plaintiffs elicit testimony that opens the door to such issues. As discussed at the hearing, the Court finds attorney advertising to be wholly irrelevant to the issues to be tried. Further, the Court will be conducting *voir dire*, and Bard will not be permitted to make inquiries to the jurors regarding attorney advertising. In the event that Bard perceives any of the witnesses has testified in such a manner as to open the door to these issues, counsel must first request a sidebar with the Court before asking any questions about advertising. Accordingly, Plaintiff's omnibus motion *in limine* is **granted** on the issue of attorney advertising.

      (2)      References to Plaintiffs' experts called in other cases but not in this case or reference to authors of joint reports not called to testify

Bard agrees not to reference or elicit testimony regarding experts that Plaintiffs have retained in other cases but not this case. Accordingly, the motion is **granted in part**. As to the admissibility of evidence or testimony related to experts who co-authored reports, the Court **defers ruling** until the relevancy of such testimony or evidence has been established at trial.

(3) Anecdotal testimony

Plaintiffs seek to exclude testimony by lay witnesses and defense employees or gratuitous comments by counsel that they would recommend IVC filters to their family members and friends, that filters save lives, or that filters catch clots. In response, Bard agrees not to elicit any testimony about families and friends who have received Bard IVC filters. Doc. 266 at 6–12. However, Bard requests it be permitted to offer evidence by experts that IVC filters catch clots and save lives. *Id.* The Court **grants in part** the motion per the agreement of the parties to the extent that Bard is prohibited from eliciting any testimony or evidence from witnesses about recommending Bard filters to friends and family members or that any of their friends or family members have Bard filters. As to the remaining portions of the motion, the Court **defers ruling**.

(3) (sic) Evidence of good character or acts by Bard

Plaintiffs seek to exclude or limit any testimony and evidence that Bard is a good company or that it does good things, such as donating to charities and sponsoring scholarships, in an effort to bolster its reputation. Bard agrees to not present evidence of its charitable donations, scholarships, or evidence related to COVID-19, but Bard

otherwise objects to the motion as being overly broad and vague. The Court agrees that the motion is overly broad and that some information related to Defendants' business is relevant. Accordingly, the Court **grants, in part,** the motion to the extent that Bard is prohibited from introducing or eliciting testimony regarding Bards' charitable contributions, scholarships, and COVID-19 evidence. The Court **defers ruling** as to the remaining aspects of the motion as it is overly broad, and Plaintiffs may reassert their objections at trial as individual issues arise.

(4) Collateral sources in general and the use of payments by third party to prove efficacy

The parties have reached an agreement on this issue. Bard agrees not to introduce evidence of collateral sources or payments by collateral sources as proof of the safety or efficacy of IVC filters. Doc. 266 at 14; 265 at 2. Accordingly, the motion is **granted** per the parties' stipulation.

(5) Irrelevant/misleading references regarding alleged complaint or failure rates and regarding the medical community

Plaintiffs seek to exclude testimony or evidence regarding complaints or failure rates because the number of complaints does not equate to the number of complications. Additionally, Plaintiffs point out that Bard's own executives acknowledge that only one to five percent of adverse events are reported. Bard responds that its complication rates and sales figure rates are relevant and should not be excluded. Doc. 266 at 15–18. Because of Florida's adoption of the learned intermediary doctrine, Bard intends to offer evidence of what an ordinary physician

knows or expects about IVC filter use and the risks and benefits of same. *Id.* The motion will be **granted in part** and **denied in part**. As discussed at the hearing, Bard will not present evidence or testimony as it relates to what *all* physicians know, the percentage of doctors who use IVC filters, the number of people allegedly implanted with the filters based on the units sold, the low number of complaints as being evidence of or implying IVC filter safety, or that the complaint rate is equal to the complication rate. Bard is permitted to inquire as to what an ordinary physician knows or expects regarding IVC filter use and the risks and benefits of the IVC filter.

>  (6) Evidence of trade associations' or organizations' opinions for the purpose of supporting legal theories or acceptable rates of complications and safety profiles

Plaintiffs submit that the trade associations are advocacy groups for its member physicians and are not qualified to offer opinion testimony as an expert. According to Bard, Society of Interventional Radiology (SIR) guidelines and other evidence of trade associations, societies, or organizations concerning IVC filters were admitted in every MDL trial because they are relevant to design defect claims. The Court finds that the SIR guidelines are not being offered for their truth, but rather to show notice to and knowledge of the medical community. The Court finds the evidence to be relevant to design defect claims and the risk/benefit analysis regarding IVC filters. The motion is therefore **denied** on this issue.

>  (8)[3] Any reference to the risks associated with anticoagulation medication

---

[3] Plaintiffs' motion skips from (6) to (8). *See* Doc. 256 at 8–11.

Plaintiffs urge that reference to risks of anticoagulation medication is irrelevant because Ocasio was not a candidate for anticoagulants. Bard responds that Plaintiffs appear to be offering anticoagulants as an alternative treatment to IVC filters, and therefore Bard wants to be able to discuss the risks associated with anticoagulants. Doc. 266 at 25–26. As a preliminary matter, the motion is overly broad and for that reason alone is due to be denied. Additionally, the Court finds that anticoagulants, as a treatment option to IVC filters, are relevant to the issue of the risk/benefit analysis. Accordingly, the motion *in limine* to exclude reference to any risks associated with anticoagulants is **denied**.

> (9) Any reference to the number of documents that Defendants have produced or the number of current and/or former employees that Defendants have produced for deposition

Plaintiffs assert that reference to the volume of discovery conducted and number of documents produced by Bard is irrelevant and prejudicial to Plaintiffs to the extent the jurors perceive Plaintiffs were harassing Bard by seeking millions of documents. Bard responds that it wants to be able to defend against Plaintiffs' examination of Bard employees or doctors who may not be familiar with a particular document given the fact that millions of documents have been produced in this case. Doc. 266 at 26–31. The motion *in limine* is overly broad and due to be **denied** with the concession by Bard that it will not reference the number of depositions taken or the number of employees produced for deposition. As for the number of documents produced and/or how many were reviewed or relied upon by experts, the Court finds such inquiry to be appropriate

13

for impeachment purposes, particularly if there is a contention that the experts' testimony is based on cherry-picked documents.

> (10) Any reference that Plaintiffs or Plaintiffs' witnesses have been accused or found guilty of any alleged misconduct or crime

Plaintiffs seek to exclude references to misconduct or crimes committed by their witnesses. Bard argues that Plaintiffs' motion lacks specificity and is impermissibly broad. Doc. 266 at 31. The motion is **denied** as overly broad. Impeachment by evidence of a criminal conviction is governed by Federal Rule of Evidence 609, and all counsel are expected to be familiar with the limited admissibility of such evidence as set forth in Rule 609.

> (11) Any suggestion that Ms. Ocasio's filter caught or stopped a clot or saved her life

Plaintiffs concede that Ocasio developed clots in her lower legs in late 2011, subsequent to her filter implant, but there is no evidence that the filter caught a clot or stopped a clot. Thus, Plaintiffs seek to limit any testimony that Ocasio's IVC filter saved her life or caught a clot. Bard agrees to not argue that the G2X filter definitely caught a blood clot or saved her life, but it wants to be able to present evidence that she has a history of blood clots and in fact developed blood clots in 2011, while her Bard IVC filter was implanted, that could have potentially led to fatal pulmonary embolisms ("PEs"), and there is no evidence she suffered a PE. Doc. 266 at 32–33. Bard submits that it is undisputed that Ocasio did not experience a PE while she had her IVC filter implanted. As discussed at the hearing, the motion is **granted in part** and **denied in part**. The motion is granted to the extent that no Bard witness may

testify that the IVC filter definitely saved Ocasio's life, definitely caught a blood clot, or prevented a PE. The motion is denied to the extent that Bard may introduce evidence and elicit testimony regarding Ocasio's medical condition, including that during the time she had the IVC filter, she developed blood clots and did not experience a PE.

(12) Surveillance videos of Plaintiff Denise Ocasio and/or her minor child

Plaintiffs seeks to exclude surveillance videos of Denise Ocasio, claiming that the videos are cumulative of what she will testify to, including that she can walk, swim, ride a bike, shop, and do housework. Further, Plaintiffs submit the videos should be excluded because some show her minor child. In response, Bard claims that Ocasio has put her physical abilities and limitations in issue and the videos showing her jogging, stretching, doing push-ups, shopping, and climbing stairs directly contradict her claims of limitation. Doc. 266 at 33–35. Regarding the videos of her son, Bard, at the hearing, represented that it would not use videos showing the son. This is a personal injury case, and, as such, Ocasio has placed her physical abilities and limitations at issue. The Court will permit the videos with Bard's concession that the minor child will not be in the videos. Accordingly, Plaintiff's motion related to surveillance videos is **denied**.

(13) Facebook videos of Plaintiff Denise Ocasio

Similarly, as to Plaintiffs' claims that the Facebook posts and videos should be excluded, the Court **denies** the motion. Ocasio has placed her physical ability and

limitations in issue. And to the extent that the Facebook posts show Ocasio engaging in activities that are inconsistent with her claimed limitations, the posts are relevant.

    (14)    Reference to the negligence or fault of non-parties including healthcare providers

Plaintiffs seek to exclude reference to the negligence of other healthcare providers, specifically radiologist Dr. Picca. Bard agrees not to argue the negligence or fault of unnamed non-parties or that Plaintiffs failed to sue all potentially at-fault parties. However, Bard submits it should be entitled to refute Plaintiffs' proof of causation by pointing to evidence of Dr. Picca's fault as a reasonable explanation for Ocasio's problems. The motion is **granted** to the extent that Bard is prohibited from arguing the negligence or fault of unnamed parties or that Plaintiffs failed to sue all potentially at-fault parties. The motion is otherwise **denied**, as the Court finds evidence and testimony regarding Dr. Picca may be relevant to the issue of causation.[4]

    (15)    The Surgeon General's "Call to Action"

Plaintiffs seek to exclude any reference to the Surgeon General's "Call to Action" because stories of untimely deaths due to PEs have no probative value and serve to distract from the matters at issue. Plaintiffs argue it is a learned treatise and inadmissible hearsay. Bard responds that the document is science-based and intended to stimulate action nationwide to solve an urgent public health problem. Bard submits the document is admissible under the public records exception to the hearsay rule and is not being offered for the truth of the matter asserted, but rather as notice to the

---

[4] The Court makes no finding at this time whether Dr. Picca may be listed on the verdict form.

16

medical community. Doc. 266 at 38–40. The Court agrees that the Surgeon General's Call to Action is a trustworthy public record that likely falls within an exception to the hearsay rule. Further, the Court finds the Surgeon General's "Call to Action" is relevant to the availability of treatment options and the risk/benefit analysis. The motion will be **denied**.

Accordingly, it is hereby

**ORDERED:**

1. Defendants' Motion *in Limine* No. 1 to Exclude Testimony and Evidence of Recovery Filter Migration Deaths (Doc. 249) is **GRANTED in part** and **DENIED in part**.

2. Defendants' Motion *in Limine* No. 2 to Exclude Testimony and Evidence of Recovery Filter Marketing and Communications and other Purported "Bad Acts" (Doc. 250) is **GRANTED**.

3. Defendants' Motion *in Limine* No. 3 to Exclude Testimony and Evidence of FDA Warning Letter (Doc. 247) is **GRANTED** in part, and as to topic 3, ruling is **DEFERRED**.

4. Defendants' Motion *in Limine* No. 4 to Exclude Evidence and References to Other Lawsuits and Trials (Doc. 248) is **GRANTED**.

5. A ruling as to Defendants' Motion *in Limine* No. 5 to Exclude Testimony from Witnesses without Personal Knowledge (Doc. 251) **is DEFERRED**.

6. Defendants' Motion *in Limine* No. 6 to Exclude Certain Evidence Regarding Expert Dr. Fred Rogers (Doc. 252) is **GRANTED**.

7. Defendants' Motion *in Limine* No. 7 to Exclude Certain Evidence and Testimony of Krishna Kandarpa, M.D. (Doc. 253) is **GRANTED**.

8. Defendants' Motion *in Limine* No. 8 to Exclude Gross Amounts of Medical Bills for Past Medical treatment that Exceeds the Amounts Actually Paid by Medicaid (Doc. 254) is **GRANTED**.

9. A ruling as to Plaintiff's Motion *in Limine* to Preclude References to the Clearance of Bard IVC Filters by the FDA, Lack of Enforcement Action as Proof of Safety and Efficacy, and Referring to the Bard IVC Filters as "Approved" by the FDA (Doc. 255) is **DEFERRED**.

10. Plaintiffs' Omnibus Motion in Limine (Doc. 256) is **GRANTED in part**, **DENIED in part**, and **DEFERRED in part** as set forth above.

**DONE AND ORDERED** in Tampa, Florida on July 5, 2021.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any